## JACOB BARNETT *v.* J. M. JAYNE.

**Instructions — Objection to.**

Objection to instructions will not be heard for the first time in the Supreme Court.[1]

**Verdict — Sufficiency of evidence to support.**

Where the verdict of a jury is not supported by the evidence in the case it should be set aside by the court.[2]

This suit was brought by Rucks & Jayne, attorneys, against A. and Jacob Barnett for legal services. Rucks died and the suit was revived in the name of J. M. Jayne, the survivor. An item-

---

[1]

Objections to reading stenographer's report containing a portion of the testimony of defendant given on a former trial, the defendant voluntarily testifying as a witness in his own behalf, on the grounds that the stenographer's report of the testimony was not duly authenticated, cannot be raised for the first time in the Supreme Court. Mackmasters *v.* State, 83 Miss. 1.

The objection that an affidavit in replevin was not duly sworn to will not be considered when made for the first time in the Supreme Court. Matthews *v.* Cotton, 83 Miss. 472.

Unless objection be made in the trial court to the proof of the contents of a writing by parol evidence, complaint thereof in the Supreme Court will be unavailing. Wagner *v.* Ellis, 85 Miss. 422.

The Supreme Court will not notice requests for instructions unless exception be duly taken to the action of the court below on them. Barney v. Scherling, 40 Miss. 320.

Objection not raised in the court below will be reluctantly noticed here; and this rule was applied where an objection was made here to the certificate of a deed read in evidence without objection. Hundley *v.* Buckner, 6 S. & M. 70.

And so, where the objection of champerty was made here to a deed, the objection on the court below being that there was no proof of its execution. Sessions *v.* Reynolds, 7 S. & M. 130.

And it was also applied where both parties in the court below showed by their instructions that they took the same view of what the evidence established, this court holding that that deed must be considered as a correct one. Coulter *v.* Robertson, 14 S. & M. 18.

After a verdict sustained by the evidence it is too late to object to instructions. Heirn *v.* McCaughan, 32 Miss. 17.

The court will not entertain questions not made below. Anderson *v.* Leland, 48 Miss. 253; Griswold *v.* Simmons, 50 Miss. 137.

Same rule applies to bill of particulars. Tierny *v.* Duffy, 59 Miss. 364.

ized account was filed with plaintiff's declaration and the only items in controversy were one for $400 for legal services in relation to some land that belonged to A. Barnett and a charge of $5 for drawing up an agreement.

The testimony showed that A. Barnett owed H. & C. Newman and executed a deed of trust in their favor on some lands belonging to him. Default was made and the deed of trust was foreclosed and the land purchased by H. & C. Newman. On this title H. & C. Newman brought an action of ejectment against A. Barnett in the United States Circuit Court at Oxford and A. Barnett employed Rucks & Jayne to defend this suit and to file a bill in the Chancery Court to set aside the sale under the deed of trust.

Competency of jurors. Rolls v. State, 52 Miss. 391.

Competency of witnesses. McGehee v. Martin, 53 Miss. 319; Richardson v. Foster, 73 Miss. 12.

Verdict. McNairy v. Gathings, 57 Miss. 215.

Report of commissioners to compute a sum due. Ricks v. Hilliard, 45 Miss. 359.

Where the record shows errors in instructions properly excepted to and also presented by the assignment of errors, this court will decide the questions, even though not specifically urged either in this court or the court below. Ryan v. Railroad Co., 62 Miss. 162.

The giving of instructions cannot be assigned for error, unless objected to when the instructions were given, or in a motion for a new trial. Temple v. Hammock, 52 Miss. 360; Nelson v. State, 61 Miss. 212.

In capital cases instructions will not be considered unless excepted to when given or made grounds of objection on a motion for a new trial. Green v. State, 59 Miss. 501.

Objections to instructions should be made when the instructions are presented. Railway Co. v. West, 66 Miss. 310.

2

Verdict of jury will not be allowed to stand where the evidence is manifestly insufficient. Harris v. State, 71 Miss. 462.

Verdict will be set aside on the facts alone if they fail to sustain it. Monroe v. State, 71 Miss. 196.

A verdict supported by evidence will not be disturbed although a finding for the opposite party would have been more satisfactory to the court. Railway Co. v. Cantrell, 70 Miss. 329; Railroad Co. v. Williams, 67 Miss. 18.

Verdict sustained unless clearly wrong. McAlexander v. Puryear, 48 Miss. 420.

Must be against the clear weight of evidence, or will not be disturbed. Buckingham v. Walker, 48 Miss. 609; Railroad v. Mason, 51 Miss. 234.

Applies to the decision of the judge where jury is waived. Railroad v. Bolding, 69 Miss. 255; Dixon v. Cook, 47 Miss. 220; Walker v. Walker, 67 Miss. 529.

J. M. Jayne, plaintiff, testified that he was employed by A. Barnett to defend the ejectment suit at Oxford and that he also filed the bill in chancery to set aside the sale under the deed of trust for A. Barnett against H. & C. Newman; that the cases were compromised and the land was bought by J. Barnett for which $400 was charged; that at the instance of A. Barnett he drew a private agreement between himself and J. Barnett; that J. Barnett also mentioned the case to him after the compromise was effected.

There was nothing in the evidence to show that A. & J. Barnett were partners, and they were not sued as such but as though jointly and severally liable. Defendants filed separate pleas.

From a verdict and judgment against both of the defendants Jacob Barnett appealed.

APPEALED from Circuit Court of First District, Sunflower county.

Reversed and remanded, October 19, 1885.

*Attorneys for appellant, Nugent & McWillie.*

*Attorneys for appellee, F. Johnson and J. R. Yerger.*

Brief of Nugent & McWillie:

The appellant and his brother, A. Barnett, were sued in one action for the amount of a bill for legal services made out against them conjointly as " A. & J. Barnett." They defended separately, the record showing that they were not partners, and were not sued as such.

The testimony in reference to the account discloses the fact that the debit items against each of the brothers with which the other had no sort of connection are included in the joint accounts sued on. The Levy suit and some other matters which related alone to the appellant's property and business, and for which he has paid, are embraced in the account, together with a fee of $400 for legal services in relation to the land of his brother A. Barnett, and the contest in the court below turned upon the question of whether or not appellant was liable for that $400, for if he was not, he owed the plaintiff nothing.

We can see no reason to say that he is so liable unless his mere

family relationship to A. Barnett is sufficient to bind him. The facts touching that charge were as follows: A. Barnett was indebted to H. & C. Newman, and executed a deed of trust in their favor on his lands in Sunflower county, and a breach of condition occurring, the property was sold by the trustee, and bought in by the beneficiaries. On the title thus acquired, H. & C. Newman brought an action of ejectment in the United States Circuit Court at Oxford, and pending that litigation, A. Barnett filed a bill in the Chancery Court of Sunflower county to set aside the sale under the deed of trust. The dispute between A. Barnett and H. & C. Newman was compromised and adjusted in some way, and the appellant bought the property from H. & C. Newman, giving them a deed of trust on it for $4,300 of unpaid purchase money. The appellee was not employed by the appellant and had no contract with him touching the fee for legal services rendered in and about his brother's business or property. It is true that a half section of land in which the appellant had an undivided half interest was by mistake included by A. Barnett along with his land in the deed of trust to H. & C. Newman, and that the appellant may have asked appellee to look after that for him, and that the appellee may have done so, but we are unable to see by what right he can be held bound on a lumping charge, including services rendered to A. Barnett, on an employment by A. Barnett, and relating solely to his property and business. The appellant was not a party to or interested in A. Barnett's bill in equity attacking the sale under the deed of trust, and presumably the bulk of the $400 charge is on that account, for the services at Oxford were confined to the mere filing of pleas in an action of ejectment.

Neither did the appellant have any connection with the written memorandum drawn up for A. Barnett, and which was never signed or acknowledged, or used in any way. It was drawn up for A. Barnett in the absence of appellant, and appellant had never heard of it until the trial, and yet it is said to be included in the $400 charge for which it is sought to hold him liable. For the reasons apparent from this presentation of the evidence, we say that the verdict of the jury was manifestly wrong on the facts of the case, and a new trial should have been granted.

It is quite clear that there was no joint contract on which the appellant and his brother were liable to the appellee, if indeed the appellee was liable to him at all; for it is fair on all the

evidence to say that the $100 paid him by appellant more than covered all his indebtedness. The appellee in his first plea of non-assumpsit denies that he was bound, either alone, or jointly, or jointly and severally.

In his second plea, he set out what items of account he was properly chargeable with, and that he had paid the same, and the demurrer thereto, which was sustained, should, if the plea was technically incorrect, have been extended back to the first defect in the pleadings, the facts being admitted by the demurrer. This defect is found in the declaration which proceeds on the erroneous idea that the defendants were jointly and severally liable for all services rendered to either of them. It does not clearly appear that the appellee was employed by this appellant in the Oxford suit at all, but admitting that he was, we are at a loss to discover how the employment to look after his right to an undivided interest in a part of the land included by mistake in his brother's trust deed can make him jointly liable with his brother for charges on account of matters relating entirely to the affairs of the latter, and with which he had nothing to do. His brother was resisting the ejectment suit on other grounds, to protect a different interest, and in the equity suit attacked the sale under trust deed for his own benefit and without making appellant a party.

The appellant had no interest that involved a resort to equity, and he did not resort to it. He never heard of the writing that appellee drew up for A. Barnett in regard to the land, and which was never put to any use. He was only interested in the Oxford suit, and that to a very limited degree and in a different way affording easy protection, and yet without a contract with him it is sought to hold him jointly liable with his brother for the fees charged in all of the above.

The first instruction given for the plaintiff, which is in no wise qualified by the second, was too broad and was calculated to mislead the jury. They might fairly deduce from it that if appellant had any interest in any of the land involved in the ejectment suit, he was jointly liable with his brother for all of the $400 charge covering all the matters above set forth. They must have so interpreted the instruction, for the facts afford no basis for their verdict save in this view of the law applicable to them. That such view is erroneous goes without saying.

Brief of F. Johnston and J. R. Yerger:

This is a suit upon an open account, filed with the declaration, for legal services alleged to be due by defendants to Rucks & Jayne, attorneys, but now being prosecuted by J. M. Jayne, as surviving partner. The account is for $530, on which several sums amounting to $125 are admitted to have been paid.

The controversy in the case is with reference to two items, in the account set forth as follows:

" Oct. 30th, to filing plea in U. S. Court in case of Newman and Barnett, and filing bill in Sunflower county and attending to same, April, 1882 — $400.

" June 21, to tending transfer of judgment of A. Barnett *v.* C. H. Leod to J. Barnett — $45.

Each defendant filed a separate plea or pleas. The jury rendered their verdict for $405, the amount of the litigated items, at the April term, 1885.

There are two points in the case:

1. Is the sum charged due by contract, or reasonable for the services.

2. Is the defendant J. Barnett properly held liable for the debt.

The two defendants, A. Barnett and J. Barnett, are not sued as partners by that name, but they are sued as though jointly or severally owing the debt.

Only one of the defendants, J. Barnett, opposed, and it will only be necessary to look at his pleadings and the evidence as fixing a liability upon him.

As to the pleadings (see p. 7), the first plea is substantially the general issue, coupled with a special denial of any joint or several liability.

The second plea was in effect a plea of partial payment, technically incorrectly pleaded, all the defense implied in the case before the court and offered in the general issue. The second plea was demurred to, and demurrer sustained. It will scarcely be relied upon as of any effect in this appeal.

As to the amount of the fee charged, that will not be disturbed; a jury fixed it and that is proof of its reasonableness. This only brings this matter to the true material point. Is J. Barnett liable to pay the $400 set out in the open account. We wish the court to recognize the status of this question. It was purely a matter of

fact, a thing within the cognizance of a jury, and therein, beyond doubt, evidence to sustain the verdict. All the evidence as to the liability went before the jury and in proper shape, but if this court deems it proper to critically review the same, it will be found commencing on page 23 of the record. Jayne establishes the fact that the suit was one against both A. & J. Barnett, and that A. Barnett employed him for both, and he acted for both, and finally prepared the transfer papers by which the substantial fruits of the law suit became vested in J. Barnett. Jayne's evidence and that of the two defendants was all the evidence in the case.

It is evident from the verdict that the jury believed that the sums charged — $400 and $45 for the items of legal service for which they were charged — was a proper fee, and second, that *both* the defendants received the benefit of the services. Regardless of any view which the court might entertain as individuals, of the propriety of the charge or the evidence fixing the liability on both defendants, it will not be a court to disturb the verdict on appeal.

OPINION.— CAMPBELL, J.:

There was no objection in the court below to the instructions, and, therefore, that made here for the first time cannot prevail.

The verdict is manifestly wrong, as to the appellant, and should have been set aside. By the testimony of the appellee himself, he had no claim on the appellant for the $400 item of the account, or the $5 item. A. Barnett, and not the appellant, employed Rucks & Jayne to defend the suit at Oxford and to bring the chancery suit in Sunflower, and to draw the agreement for which the sum of $5 was charged. Mr. Jayne says, that after the compromise of the suit, J. Barnett mentioned them to him, but that was after the services were rendered.

*Reversed and remanded.*